IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARLA D. BURNEY,**

    **Plaintiff,**

    v.

**AH 2007 MANAGEMENT, L.P., et al.,**

    **Defendants.**

Case No. 16-1406-EFM-GLR

## MEMORANDUM & ORDER

The matter before the Court is on Plaintiff's Motion to Amend Complaint (ECF 15). Defendants argue that Plaintiff's proposed amendments are futile for failure to state a claim upon which relief can be granted. Notably, Plaintiff did not reply to Defendant's response, and the time to do so has expired. For the following reasons, the Court grants the motion.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings in one of two ways: (1) as a matter of course within 21 days after serving it, or (2) within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B). Outside of those time periods, any amendment to the pleadings requires obtaining leave of court, and courts should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, a court should only refuse to grant leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies [], or futility of amendment." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West*, 3F.3d 1357, 1365 (10th Cir. 1993)).

Here, Plaintiff is outside the time period for amending as a matter of right and thus must seek the Court's leave. Defendants argue Plaintiff's amendments are futile because they do not

cure the deficiencies of her breach of contract claim. The pertinent amendments are changes to Count 6 which now reads as follows, with the italics indicating her proposed amendments:

### 6. BREACH OF CONTRACT
### *Implied-In-Fact*

> 58. Plaintiff incorporates paragraphs 1 through 57 of this complaint.
> 59. *Upon commencement of employment, the Plaintiff, through representations made to her by Defendants, understood that her job would accommodate her life mission of taking care of a special child, which care included regular trips to Mercy South Hospital in Kansas City, Missouri.*
> 60. *Representatives for Defendants advised the Plaintiff that her needs to attend to the special child could be accommodated as long as the Plaintiff did her job and adequately performed the tasks assigned to her. The Plaintiff understood from the statements made to her by representatives of her employer upon hiring that she could only be terminated for cause, and then only after progressive discipline.*
> 61. Plaintiff was, pursuant to her contract, entitled to use vacation leave, personal leave and sick leave as provided in her employment contract and, as represented to her, to accommodate the needs of the special child.
> 62. *The oral negotiations, the conduct of the parties from commencement of the employment relationship and the unique situation of Plaintiff's charge to attend to the needs of a special child formed an implied-in-fact employment contract which provided that Plaintiff could remain employed and accommodated and could only be terminated for cause, and then only after progressive discipline.*
> 63. As a result of the breach of the implied-in-fact employment contract, Plaintiff suffered loss of income and employment benefits in excess of $75,000.

(ECF 15-1 at 14-15 (emphasis added).) Defendants point out that Plaintiff's amendments do not add any new factual detail. Indeed, the Court finds that Plaintiff's amendments merely clarify the nature of her claim for breach of contract—that it relates to an *implied* contract. She thus appears to be clarifying that the oral statements between her and various people created an implied contract. For instance, her Complaint mentions statements between her and her supervisor, John Harding (*See, e.g.,* ECF 15-1 at 4, ¶ 19). Whether these statements do in fact

2

support a claim for breach of implied contract remains an issue before the Court upon Defendants' still-pending motion to dismiss. The Court here finds it appropriate to allow the proposed changes to the complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Complaint (ECF 15) is granted. Plaintiff shall file and serve her Amended Complaint forthwith.

Dated March 14, 2017, at Kansas City, Kansas.

<u>*S/ Gerald L. Rushfelt*</u>
Gerald L. Rushfelt
U.S. Magistrate Judge